UNITED STATES DEPARTMENT OF JUSTICE
OFFICE OF THE UNITED STATES TRUSTEE
ANDREW R. VARA
UNITED STATES TRUSTEE, REGIONS 3 AND 9
Maggie McGee, Esq.
One Newark Center, Suite 2100
Newark, NJ  07102
Telephone: (973) 645-3014
Fax: (973) 681-7541
E-mail: Maggie.mcgee@usdoj.gov

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | : Case No. 20-14587 (MBK) |
| | : |
| | : Chapter 11 |
| Robert Alverez and Yanirys C. Diaz-Alverez, | : |
| | : |
| | : The Honorable Michael B. Kaplan |
| Debtor. | : |
| | : Hearing Date: 12/10/2020 at 10:00 a.m. |

**OBJECTION OF THE UNITED STATES TRUSTEE TO THE ADEQUACY OF THE DISCLOSURE STATEMENT PURSUANT TO SECTION 1125 OF THE BANKRUPTCY CODE**

Andrew R. Vara, the United States Trustee for regions 3 and 9 (the "U.S. Trustee"), by and through his counsel, and in furtherance of his duties pursuant to 28 U.S.C. §§ 586(a)(3) and (5), hereby asserts this objection ("Objection") to the adequacy of the *Disclosure Statement Pursuant to Section 1125 of the Bankruptcy Code* ("Disclosure Statement") filed by Robert Alverez and Yanirys C. Diaz-Alverez (the "Debtors") at ECF No. 41, and in support of the Objection, respectfully represents as follows:

**BACKGROUND**

1. On March 18, 2020 ("Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code"). ECF No. 1.

1

2. The Debtors continue to manage their property as a debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. On October 29, 2020, the Debtors filed a Plan and Disclosure Statement. ECF No. 41 and 42.

4. In reviewing Debtors' Disclosure Statement and the monthly operating reports filed by the Debtors, the U.S. Trustee discovered that in May 2020 the Debtors received a tax refund of $98,000 which was deposited into the Debtors' Jersey Federal Credit Union bank account.

5. The June 2020 monthly operating report reveals "transfers to checking/savings" in the total amount of $80,709.01.  The Debtors' accompanying bank statement from Jersey Federal Credit Union bank shows a withdrawal of $50,000 on June 1, 2020 and debit/withdrawal in the amount of $30,000 to "FID BKG SVC LLC/Money Line" on June 9, 2020.

6. On November 24, 2020, the U.S. Trustee sent an e-mail to Debtors' counsel requesting an explanation of the transfers by November 27, 2020.  Due to the holidays, the deadline was extended to December 4, 2020 and the U.S. Trustee's deadline to object to the Debtors' Disclosure Statement was extended to December 7, 2020.  However, no response has been received to the U.S. Trustee's inquiry despite a follow up e-mail having been sent to Debtors' counsel on December 4, 2020.

## **LEGAL ANALYSIS**

10. Pursuant to 11 U.S.C. § 586, the U.S. Trustee is obligated to oversee the administration of Chapter 11 cases.  Under 11 U.S.C. § 307, the U.S. Trustee has standing to be heard on any issue in any case or proceeding under the Bankruptcy Code.  Such oversight is part of the U.S. Trustee's overarching responsibility to enforce the laws as written by Congress and interpreted by the courts.  *See United States Trustee v. Columbia Gas Systems, Inc.* (*In re*

*Columbia Gas Systems, Inc.*), 33 F.2d 294, 295-96 (3d Cir. 1994) (noting that the U.S. Trustee has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc.* (*In re Revco D.S., Inc.*), 898 F.2d 498, 500 (6th Cir. 1990) (describing the U.S. Trustee as a "watchdog").

**Adequacy of the Disclosure Statement**

11.     Pursuant to Section 1125(b) of the Bankruptcy Code, a disclosure statement must contain "adequate information" to allow parties to make an informed judgment about a plan of reorganization or liquidation.  Section 1125(a)(1) defines "adequate information" as follows:

> "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

*See* 11 U.S.C. § 1125.

12.     Full disclosure is a fundamental policy in the reorganization process.  *See Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 417 (3d Cir. 1980), *cert. denied*, 109 S. Ct. 495 (1988) ("[W]e cannot overemphasize the Debtor's obligation to provide sufficient data to satisfy the code standard of 'adequate information.'"); s*ee also In re Crowthers McCall Pattern, Inc.*, 120 B.R. 279, 300 (Bankr. S.D.N.Y. 1990) ("Given the necessity for adequate information in the Disclosure Statement and the paramount position Section 1125 occupies in the Chapter 11 process, there is little, if any, room for harmless error.").

13. Based on the above, the Debtors should disclose additional information with respect to the receipt of a tax refund in May 2020 and the transfers from their debtor-in-possession bank account in June 2020 in excess of $80,000.

## CONCLUSION

WHEREFORE, it is respectfully submitted that the Court disapprove the Disclosure Statement, and grant such other relief as the Court deems just and proper.

    Respectfully submitted,

    ANDREW R. VARA
    UNITED STATES TRUSTEE
    REGIONS 3 AND 9

    By:   */s/ Maggie McGee*
           Maggie McGee
           Trial Attorney

Dated: December 7, 2020